# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-261(2) (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KANAN T. MUSTAFA, | |
| Defendant. | |

> James S. Alexander and Karen B. Schommer, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.
>
> Kanan T. Mustafa, Reg. No. 20751-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* defendant.

Kanan Mustafa was sentenced to consecutive sentences for two conspiracy-related counts: (1) 30 months for conspiracy to engage in interstate transportation of goods under 18 U.S.C. §§ 371, 1029(a)(2), and 2314, and (2) 100 months for conspiracy to defraud the United States under 18 U.S.C. § 286. Mustafa has filed three post-sentencing motions. First, he asks the Court to compel the United States to file a downward departure motion under U.S.S.G. § 5K1.1. Second, Mustafa requests the Court to subpoena the Minneapolis Police Department to obtain evidence in support of his first motion. Third, Mustafa moves for a correction of a judicial oversight under Rule 36 for improperly imposing consecutive sentences.[1] The Court will deny these motions because the United States already moved

---

[1] Any rule referenced refers to the Federal Rules of Criminal Procedure unless otherwise noted.

1

for a departure under § 5K1.1, the subpoenas would be unreasonable, and the Court properly imposed consecutive sentences.

## BACKGROUND

Mustafa led a conspiracy to obtain and sell stolen and fraudulently acquired phones and tablets. (Plea Agreement ¶ 1, Oct. 27, 2016, Docket No. 918; Presentencing Investigation Report ("PSR") ¶ 137, Feb. 1, 2017, Docket No. 958 (identifying Mustafa as "an organizer or leader" of the conspiracy).) He pled guilty to Count 1 of the indictment, conspiracy to engage in interstate transportation of goods under 18 U.S.C. §§ 371, 1029(a)(2), and 2314, which carried a maximum sentence of 5 years' imprisonment. (Plea Agreement ¶¶ 2, 4a.) He also pled guilty to Count 3 of the indictment, conspiracy to defraud the United States under 18 U.S.C. § 286, which carried a maximum sentence of 10 years. (*Id.*) As part of the plea agreement, Mustafa agreed to cooperate with the United States. (*Id.* ¶ 15.) In exchange, the United States agreed to move at sentencing for a downward departure under U.S.S.G. § 5K1.1. (*Id.*)

During sentencing, the Court adopted the Presentence Investigation Report ("PSR"), which concluded that Mustafa had a total offense level of 35 and criminal history category of I. (Am. Statement of Reasons ("SOR") § III, June 27, 2017, Docket No. 1235.) The United States moved for a downward departure under § 5K1.1 due to the substantial assistance provided by Mustafa, which the Court granted. (*Id.* § V.C.)[2] The Court also

---

[2] The government's § 5K1.1 motion was an oral motion, not a written one, so the § 5K1.1 motion does not appear on the docket for Mustafa's case.

applied a downward variance to avoid sentencing disparities and to account for Mustafa's family situation, his lack of criminal history, the time he had already served, and other factors laid out in 18 U.S.C. § 3553. (*Id.* §§ VI, VIII.) The Court determined that a total punishment of 130 months imprisonment was appropriate and sentenced Mustafa to 30 months for Count 1 and 100 months for Count 3 to run consecutively. (*Id.*)

Mustafa has filed three post-sentencing motions. First, Mustafa asks the Court to compel the United States to file a motion for a § 5K1.1 departure consistent with his plea agreement because Mustafa believes the United States has not yet moved for such a departure.[3] (Def.'s Reply at 1, May 16, 2018, Docket No. 1236.) He argues that his 130-month sentence is only a 5-month reduction from the high end of a guidelines range of 108-135 months and less than the 20-percent reduction he expected. (*Id.* at 2.) Second, Mustafa asks the Court to issue three subpoenas to obtain information from the Minneapolis Police Department about the substantial assistance he provided. (Def.'s Mot. for Issuance of Subpoena Duces Tecum ("Subpoena Mot.") at 1, May 23, 2018, Docket No. 1237.) Finally, he asks the Court to correct a perceived judicial error in sentencing him to consecutive instead of concurrent sentences under Rule 36. (Def.'s Mot. to Correct at 1, Apr.12, 2018, Docket No. 1227.) He argues that the Court overlooked U.S.S.G. § 5G1.2(c), which states "if the sentence imposed on the count carrying the highest

---

[3] Mustafa originally moved for a downward departure under Rule 35. (Def.'s Mot. to Compel at 1, Feb. 26, 2018, Docket No. 1217.) But Mustafa concedes that Rule 35 applies only to substantial assistance provided **after** sentencing, which he did not do. (Def.'s Reply at 1, May 16, 2018, Docket No. 1236.) Therefore, the Court will examine his request under § 5K1.1.

3

statutory maximum is adequate to achieve the total punishment, then the sentence on all counts shall run concurrently." (Def.'s Reply at 6.)

## DISCUSSION

I. **REQUEST TO COMPEL**

Under U.S.S.G. § 5K1.1, a court may issue a downward departure from the sentencing guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The Court determines the appropriate reduction. U.S.S.G. § 5K1.1(a).

It is undisputed that Mustafa provided substantial assistance to the United States. But the Court already accounted for that assistance. (SOR § V.C.) The Court initially determined that the guidelines range was 168 to 180 months based on Mustafa's total offense level of 35 and criminal history category of I. (SOR § III.) The United States subsequently moved for a downward departure under § 5K1.1, which the Court granted. (*Id.* § V.D.) In light of the § 5K1.1 departure and a slight downward variance, the Court imposed a sentence of 130 months, which was 38 months below the minimum guidelines range. Overall, Mustafa received a 23-percent reduction in his sentence. Thus, Mustafa's attorney's statement "that [Mustafa] would receive a twenty (20) percent reduction in his sentence" was accurate. (Def.'s Reply at 2.)

Mustafa mistakenly states that the original guidelines range was 108-135 months. (Def.'s Reply at 2.) A guidelines range of 108-135 months would have applied if Mustafa

had a total offense level of 31 instead of 35. It is possible that Mustafa thought that the Court would not apply the four-level enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader. (Plea Agreement at 7-8; *see* PSR ¶ 137.) However, the Court did apply this enhancement. Because the Court applied the four-level enhancement, Mustafa's total offense level was 35, not 31; and the guidelines range was therefore 168-180 months instead of 108-135 months. Because the United States moved for a downward departure for substantial assistance at sentencing and the Court applied the departure in sentencing Mustafa, the Court will deny Mustafa's request to compel the United States to file a § 5K1.1 motion.

Additionally, Mustafa fails to demonstrate any grounds for modifying his original sentence. 18 U.S.C. § 3582 permits the modification of a sentence in three scenarios. First, the Court may modify a sentence if the Director of the Bureau of Prisons moves to decrease the sentence and either the Court finds an extraordinary and compelling reason for the reduction or the defendant is over the age of 70, has served 30 years in prison, and no longer poses a danger to society. 18 U.S.C. § 3582(c)(1)(A). Second, the Court may reduce a sentence pursuant to Rule 35 if the United States moves to decrease the sentence in light of substantial assistance provided to the United States after sentencing. *Id.* § 3582(c)(1)(B). Third, the Court may modify a sentence if the defendant or Director of the Bureau of Prisons moves to decrease the sentence based on a subsequent lowering of the guidelines range by the Sentencing Commission. *Id.* § 3582(c)(2). Mustafa has not demonstrated that any of these scenarios apply to him. Neither the Director of Bureau of Prisons nor the United States have moved for a reduction of Mustafa's sentence. *See* 18

5

U.S.C. § 3582(c)(1). The Sentencing Commission has not lowered the guidelines range since Mustafa's sentencing. *See* U.S.S.G § 5A; *see also* 18 U.S.C. § 3582(c)(2). Thus, Mustafa has not demonstrated that he is entitled to a sentence reduction under 18 U.S.C. § 3582.

## II. SUBPOENA DUCE TECUM

Mustafa asks the Court to issue subpoenas to obtain information to demonstrate the substantial assistance he provided. When a criminal defendant requests a third party subpoena, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Mustafa has already demonstrated that he provided substantial assistance to the government; no additional information is needed. Thus, the Court will deny Mustafa's request for subpoenas as unreasonable.

## III. RULE 36 MOTION

Mustafa argues that his 30-month sentence on Count 1 and 100-month sentence on Count 3 should run concurrently rather than consecutively. He moves under Rule 36 for the Court to "correct an error in the record arising from oversight or omission." The Court will deny the motion.

According to U.S.S.G. § 5G1.2(d), "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment," Here, the Court concluded that a total punishment of 130-months imprisonment was appropriate. (SOR § VIII.) The

highest statutory maximum sentence imposed by a count is 120 months under 18 U.S.C. § 286. (Plea Agreement ¶ 4.) Because 120 months is less than the total punishment of 130 months, § 5G1.2(d) requires that the Court impose the sentences consecutively. The Court did not exceed the 130 month total punishment by imposing two consecutive sentences; combined they impose a total imprisonment of 130 months.

Mustafa argues that the Court failed to consider U.S.S.G. § 5G1.2(c), which states that, "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently." U.S.S.G. § 5G1.2(c) only applies when the statutory maximum of the highest count is adequate to achieve the total punishment. The Court concluded that Mustafa's total punishment should be 130 months, and the statutory maximum for 18 U.S.C. § 286 (Count 3) of 120 months is not adequate to achieve the total punishment. § 5G1.2(c) does not apply to Mustafa's sentence. Therefore, the Court did not overlook § 5G1.2(c) when imposing the sentence.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Government to File Fed. R. Crim. P., Rule 35(b) Motion, Seeking to Reduce Defendant's Original Sentence [Docket No. 1217] is **DENIED.**

2. Defendant's Pro Se Motion to Amend/Correct an Error Arising from Judicial Oversight [Docket No. 1227] is **DENIED**.

3. Defendant's Pro Se Motion for Issuance of Subpoena Duces Tecum [Docket No. 1237] is **DENIED**.

4. Defendant's Pro Se Motion to Appoint Legal Representation [Docket No. 1219] is **DENIED as moot**.

DATED: July 5, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                            Chief Judge
                                          United States District Court