# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KANAN T. MUSTAFA,<br><br>Defendant. | Criminal No. 14-261(2) (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO ADJUST AND MOTION TO SEAL** |

Karen B. Schommer, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kanan T. Mustafa, Reg. No. 20751-041, FCI-Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* defendant.

In October 2016, Petitioner Kanan T. Mustafa pled guilty to one count of conspiracy to engage in interstate transportation of goods pursuant to 18 U.S.C. §§ 371, 1029(a)(2), 2314 and one count of conspiracy to defraud the United States pursuant to 18 U.S.C. § 286. (Plea Agreement ¶¶ 2, Oct. 27, 2016, Docket No. 918.) As part of a plea agreement, Mustafa agreed to cooperate with the United States and, in exchange, received a reduced sentence of 130 months' imprisonment. (*Id.* ¶ 15; Sentencing J. at 2, June 27, 2017, Docket No. 1086.) The Court also ordered Mustafa to pay, jointly and severally with co-defendants, restitution in the amount of $1,015,901.33, commencing with payments of not

1

less than $25.00 quarterly or, if employed in a UNICOR job, fifty percent of his wages during his period of imprisonment.[1] (Sentencing J. at 6.)

Between February and May, 2018, Mustafa filed three post-sentencing motions: (1) a motion to compel the United States to file a Federal Rule of Criminal Procedure 35(b) motion for a reduced sentence; (Mot. to Compel, Feb. 26, 2018, Docket No. 1217); (2) a motion asking the Court to correct a perceived judicial error in sentencing him to consecutive rather than concurrent sentences under Federal Rule of Criminal Procedure 36; (Mot. to Correct Errors, Apr. 12, 2018, Docket No. 1227); and (3) a motion seeking subpoenas to obtain information from the Minneapolis Police Department; (Mot. for Issuance of Subpoena Duces Tecum, May 23, 2018, Docket No. 1237). This Court denied all three Motions on July 6, 2018. (Mem. Op. & Order ("Order"), July 6, 2018, Docket No. 1256.)

Presently before the Court are two motions brought by Mustafa. First, Mustafa moves to adjust his restitution payment schedule pursuant to 18 U.S.C. § 3664(k). (Mot. to Adjust Restitution Order at 1, Oct. 26, 2018, Docket No. 1323.) Second, Mustafa asks the Court to seal the Court's July 6, 2018 Order. (Mot. to Seal Doc., Nov. 26, 2018, Docket No. 1327.) Because Mustafa has not shown a change in his economic circumstances since sentencing or good cause to seal the Order, the Court will deny the Motions.

---

[1] The amount Mustafa was ordered to pay while in prison is not reflected in the Sentencing Judgment. It is reflected in the transcript of Mustafa's sentencing hearing, which is in the possession of the Court. The Court also notes that, while Mustafa states he was ordered to pay a minimum of $20 monthly in restitution while incarcerated, nowhere is this reflected in the record.

## DISCUSSION

**I.  Motion to Adjust Restitution Payment Schedule**

Mustafa now moves to adjust his restitution payment schedule pursuant to 18 U.S.C. § 3664(k).  Mustafa states that he is concerned he will be unable to make the required restitution payments during the remaining period of his incarceration and believes that his scheduled payments are disproportionate to his monthly wages.  As such, he asks the Court to adjust his payment schedule to no more than $25.00 quarterly.

Section 3664(k) "authorizes federal district courts to modify the terms of a previously-imposed restitution order—but only when there has been a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" *United States v. Williams*, 2007 WL 1424663, at *2 (D. Minn. May 10, 2007) (quoting *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005)).  Mustafa cites general concerns about being unable to make the required restitution payments while in prison, and vaguely alludes to possible changes in his family's economic circumstances that could affect his finances in the future.  But these concerns, however genuine, do not reflect a material change in Mustafa's economic circumstances.  (*See Cani v. U.S.*, 331 F.3d 1210 (11th Cir. 2003) (finding no material change in economic circumstances where the defendant cited concerns about potential changes to his economic circumstances in the future and the consequences of failing to comply with his restitution payment schedule.)  Indeed, the Court took these and all other required factors into consideration when

3

establishing a payment schedule at the time of sentencing. As such, the Court will deny Mustafa's Motion to Adjust the Restitution Order pursuant to § 3664(k).

## II. Motion to Seal

Mustafa moves to seal this Court's Order dated July 6, 2018, pursuant to L.R. 49.1(d)(1). The Court has considered defendant's safety concerns and the public's interest in keeping court orders accessible. The Court finds that any risk to defendant's personal safety resulting from keeping the Order public is minimal and not so serious as to justify sealing it. As such, the Court will deny Mustafa's Motion to Seal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Adjust Restitution Order [Docket No. 1323] is **DENIED.**

2. Petitioner's Motion to Seal [Docket No. 1327] is **DENIED.**

DATED: January 2, 2019              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                                 Chief Judge
                                            United States District Court