# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-261(2) (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S § 2255 MOTION** |
| KANAN T. MUSTAFA, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Jordan L. Sing, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kanan T. Mustafa, No. 20751-041, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, *pro se* defendant.

On May 28, 2019, Petitioner Kanan T. Mustafa filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The United States moved to dismiss Mustafa's motion as untimely and to deny him a certificate of appealability. Mustafa responded to the United States' motion and, later, filed an additional Memorandum in Support of his response. Because the Court finds Mustafa's § 2255 Motion untimely, the Court will deny Mustafa's Motion, grant the Motion to Dismiss by the United States, and deny Mustafa a certificate of appealability.

## BACKGROUND

On October 27, 2016, Kanan Mustafa pleaded guilty to two conspiracy-related counts: (1) engaging in interstate transportation of goods under 18 U.S.C. §§ 371,

1029(a)(2) and 2314; and, (2) defrauding the United States under 18 U.S.C. § 286. (Plea Agreement ¶ 2, Oct. 27, 2016, Docket No. 918.) On June 19, 2017, Mustafa was sentenced to 130 months imprisonment and the Court ordered restitution, jointly and severally with co-defendants, in the amount of $1,015,901.33. (Sentencing J. at 2–8, June 27, 2017, Docket No. 1086.) Judgment was entered on June 27, 2017. (*Id.*) Mustafa did not appeal, and his conviction became final on July 11, 2017. *See* Fed. R. App. P. 4(b)(1)(A). On February 26, 2018, the Court ordered Mustafa's remaining co-defendants jointly and severally liable for the same restitution. (Mem. Opinion & Order at 10, February 26, 2018, Docket No. 1216.) The February 26, 2018 order resulted in amended judgments for Mustafa's co-defendants. (*Id.*)

In the spring of 2018, Mustafa filed three post-sentencing motions: (1) a Motion to Compel (Docket No. 1217), (2) a Motion to Correct Errors (Docket No. 1227); and; (3) a Motion for Issuance of Subpoena Duces Tecum. (Docket No. 1237.) The Court denied all three motions on July 6, 2018. (Docket No. 1256.) In August 2018, Mustafa filed a Motion to Reconsider the Court's July denial of his prior motions. (Docket No. 1267.) The Court denied this motion on August 9, 2018. (Docket No. 1272.)

Mustafa filed two more post-sentencing motions in the fall of 2018: (1) a motion to adjust his restitution payment schedule pursuant to 18 U.S.C. § 3664(k) (Docket No. 1323) and (2) a motion to seal the Court's July 6, 2018 Order. (Docket No. 1327.) The Court denied these motions on January 2, 2019. (Docket No. 1347.)

Presently before the Court is Mustafa's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 under a claim of ineffective assistance of counsel.

(Docket No. 1387.)  The government moved to dismiss Mustafa's motion as untimely and to deny him a certificate of appealability.  (Docket No. 1407.)  Mustafa responded to the government's motion, arguing that his § 2255 motion is timely or that equitable tolling should apply.  (Docket No. 1413.)  Mustafa subsequently filed a Memorandum in Support of his Response including additional arguments as to why his § 2255 Motion is not untimely.  (Docket No. 1431.)  In sum, Mustafa argues that (1) his judgment of conviction was not final under § 2255(f)(1) until March 12, 2018 because the date for his final conviction was February 26, 2018, when the Court entered its final restitution order against Mustafa's co-conspirators; (2) the statutory clock should be adjusted forward under § 2255(f)(4) because Mustafa allegedly did not discover his attorney's failure to appeal until 2018; and (3) in the alternative, equitable tolling should apply.[1]  Because the Court finds Mustafa's § 2255 motion untimely, the Court will deny Mustafa's motion, grant United States' motion to dismiss, and deny a certificate of appealability.

---

[1] Mustafa also argues that his August 1, 2018 Motion to Reconsider should be construed as his first § 2255 motion or an amendment to the Motion to Reconsider.  This fails for several reasons. First, Mustafa brought the Motion to Reconsider more than a year after the final judgment, and so it to would be untimely as a § 2255 motion.  28 U.S.C. § 2255(f). Second, if the Court were to construe the August 2018 Motion to Reconsider as a § 2255 motion, then the Court would dismiss the current motion as an improper successive § 2255 motion.  A petitioner may not file a second § 2255 without leave from the appropriate Circuit Court, and Mustafa has not obtained leave.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  Third, an amendment to a pleading may only relate back when the amended claim arises out of the same conduct, transaction, or occurrence as the first claim.  *United States v. Craycraft*, 167 F.3d 451, 456–57 (8th Cir. 1999).  Mustafa's current claim—ineffective assistance of counsel—does not relate back to his earlier claim that the Court committed error when it denied his post-sentencing motions.

## DISCUSSION

**I.     SECTION 2255**

Section 2255 allows a federal prisoner a limited opportunity to seek postconviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (cleaned up). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (cleaned up). "If it is apparent from the face of the motion and supporting record that [the] petition is untimely, then no hearing . . . [is] required." *Id.* (cleaned up).

Section 2255(f) establishes that § 2255 motions are timely if they are brought within the one-year statute of limitations period. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*United States v. Chase*, No. CR 11-150 (JRT/JSM), 2019 WL 3574552, at *2 (D. Minn. Aug. 6, 2019) (citing 28 U.S.C. § 2255(f)).

If a petitioner fails to meet any of the limitations periods under §2255(f), the Court may apply equitable tolling. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (cleaned up).

## II. FINAL JUDGMENT OF CONVICTION UNDER § 2255(f)(1)

Mustafa argues that the Court's February 26, 2018 order sentencing his co-defendants as jointly and severally liable for the same restitution resulted in an amended judgment for Mustafa. Mustafa argues his judgment became final on March 12, 2018 after the window for appeals closed as to that restitution order.

Even if Mustafa were correct, his § 2255 motion would still be untimely under § 2255(f)(1). Under Mustafa's argument, the deadline for filing his § 2255 motion would have been March 12, 2019. Mustafa's § 2255 motion was not filed until May 28, 2019, more than two months late.

Furthermore, the order granting restitution against Mustafa's co-conspirators did not result in a new sentence or judgment against Mustafa for § 2255 purposes. *Dyab v. United States*, 855 F.3d 919, 923–24 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 239 (2017). Mustafa was already jointly and severally liable for restitution. The February 26, 2018 order only reflected that Mustafa's co-conspirators were also jointly and severally liable for the losses. Put simply, "[t]here was no substantive proceeding that adjudicated [Mustafa's] guilt or determined the appropriate punishment." *Id.* Instead, the Court found Mustafa guilty and determined his punishment in June 2017. That judgment became final on July 11, 2017 when Mustafa failed to appeal. Mustafa's § 2255 motion, filed nearly two years later in May 2019, is therefore untimely on its face under § 2255(f)(1).

### III. ALLEGED DISCOVERY OF NEW FACTS § 2255(f)(4)

Mustafa also argues his motion is timely under § 2255(f)(4), which requires filing within a year of the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. While due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option . . . it does at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez*, 541 F.3d at 818 (emphasis in original). Reasonable efforts include checking the public record promptly after a notice of appeal should have been filed. *Id.* at 819.

Mustafa asserts he did not learn of his attorney's failure to file an appeal until August 2018, making his deadline under § 2255(f)(4) sometime in August 2019. Mustafa's initial Memorandum in Support of his § 2255 motion, however, contradicts this assertion.

There, Mustafa asserts that he spoke with his attorney on June 21, 2017 and "unambiguously instructed" his attorney to file an appeal. (Mem. Supp. at 3, May 28, 2019, Docket No. 1388.) Mustafa also asserts that his attorney refused, telling Mustafa, "I wish I could be Superman." (*Id.*) Mustafa therefore knew, or should have discovered through reasonable diligence, long before August 2018 that his attorney did not file an appeal.[2]

But even if the Mustafa's assertion were correct, and he did not learn of his attorney's failure to file an appeal until sometime in August of 2018, his motion would still be untimely. Waiting thirteen-months to confirm an appeal was not filed does not show reasonable diligence. *Anjulo-Lopez*, 541 F.3d at 19 (noting under similar facts that a person in petitioner's "circumstances could have unearthed that information anytime after the deadline for filing the appeal passed" and waiting even less than four months was not reasonable).[3] Accordingly, Mustafa's motion is plainly untimely with respect to § 2255(f)(4).

## IV. EQUITABLE TOLLING

---

[2] Mustafa argues that the Court should apply *Garza v. Idaho,* 139 S. Ct. 738 (2019) to this case. *Garza* extended a presumption of prejudice for failure to file an appeal to situations where the defendant waived his or her right to appeal as part of a plea agreement. 139 S. Ct. at 749. However, *Garza* did not alter the § 2255 time bar. Mustafa's reliance on *Pepper v. United States*, 562 U.S. 476 (2011) is similarly misplaced, as *Pepper* deals with resentencing after a sentence has been set aside on appeal, but says nothing about § 2255. 526 U.S. at 481.
[3] The Eighth Circuit explicitly declined to follow *Wims v. United States*, 225 F.3d 186 (2d. Cir. 2000) (finding that five months was a reasonable amount of time to discover if an appeal had been filed or not.) *See Anjulo-Lopez*, 541 F.3d at 819 n.4. Thus, Mustafa's reliance on *Wims* is unavailing.

Finally, Mustafa argues that equitable tolling should apply to remedy the untimeliness of his motion. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (cleaned up).

Mustafa does not point to any external circumstance outside of his control that impeded his ability to file the § 2255 motion on time. As discussed in the previous section, Mustafa did not demonstrate due diligence. Accordingly, Mustafa is not entitled to equitable tolling.

## V.  CERTIFICATE OF APPEALABILITY

A final order in a proceeding under § 2255 can only be appealed "if a circuit justice or judge issues a certificate of appealability," which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make a substantial showing, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up); *see also Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994).

The question in this case is whether Mustafa timely filed his § 2255 petition. Based on careful consideration of the record, the Court finds that he did not. Further, the Court finds that Mustafa has not demonstrated that the issues in this action are debatable among jurists of reason, that a court could resolve them in a different manner, or that they deserve

encouragement to proceed further.  Accordingly, the Court declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 1387] is **DENIED**.

2. The United States' Motion to Dismiss [Docket No. 1407] is **GRANTED.**

3. The Court does **NOT** certify for appeal under 28 U.S.C. §2252(c)(2) the issues raised in Defendant's Motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 28, 2020  
at Minneapolis, Minnesota.

                                                                _____  
                                                                   JOHN R. TUNHEIM  
                                                                        Chief Judge  
                                                             United States District Court