UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>KANAN T. MUSTAFA (2),<br><br>                    Defendant. | Criminal No. 14-261 (JRT/ECW)<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Minneapolis, MN, 55101; Allison Kim Ethen, Emily Polachek, Jordan L. Sing, Lauren Olivia Roso, Lisa D. Kirkpatrick, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Kanan T. Mustafa, BOP Reg. No. 20751-041, USP Thomson, P.O. Box 1002, Thomson, IL 61285, *pro se* defendant.

Defendant Kanan T. Mustafa is serving a 130-month sentence after pleading guilty to conspiracy to engage in interstate transportation of stolen goods and to defraud the United States. The Court denied Mustafa's previous motions asking the Court to grant him compassionate release after finding he failed to demonstrate that his circumstances justified a reduction in his sentence. Mustafa has filed a new Motion for Compassionate Release, seeking a reduction in sentence primarily based on COVID-19 and its effects. However, because Mustafa fails to demonstrate extraordinary and compelling reasons warranting a reduction of his sentence and because a sentence reduction would be

inconsistent with the 18 U.S.C. § 3553(a) sentencing factors, the Court will deny Mustafa's current Motion.

## BACKGROUND

In 2016, Mustafa plead guilty to conspiracy to engage in interstate transportation of stolen goods and conspiracy to defraud the United States. (Plea Agreement at 5, Oct. 27, 2016, Docket No. 918.) The Court granted a downward departure from the guideline range and sentenced him to a 130-month term of imprisonment. (Statement of Reasons at 2, June 6, 2017, Docket No. 1087; Sentencing J. at 2, June 27, 2017, Docket No 1086.) Mustafa is currently incarcerated at RRM Minneapolis and is scheduled to be released in October 2025. *Inmate Locator,* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 12, 2023).

Mustafa has filed multiple motions for compassionate release that the Court has consistently denied. (Order Den. 1st Mot. Compassionate Release at 5, Aug. 21, 2020, Docket No. 1497 ("1st Order"); Order Den. 2nd Mot. Compassionate Release at 2, Mar. 18, 2021, Docket No. 1543 ("2nd Order"); Order Den. 3rd Mot. Compassionate Release at 1, Mar. 18, 2021, Docket No. 1544 ("3rd Order"); Order Den. 4th Mot. Compassionate Release, July 15, 2022, Docket No. 1602 ("4th Order").) In his motions, Mustafa primarily argued that his risk of contracting COVID-19, and subsequently the fact that he was infected with COVID-19, supported a sentence reduction. (*See generally*, Mem. Supp. 1st Mot. Compassionate Release, May 7, 2020, Docket No. 1469; 2nd Mot. Compassionate Release,

Oct. 26, 2020, Docket No. 1509; 3rd Mot. Compassionate Release, Nov. 10, 2020, Docket No. 1513; 4th Mot. Compassionate Release, Oct. 14, 2021, Docket No. 1558.) The Court denied these motions because Mustafa had not established that extraordinary and compelling reasons warranted an early release.

Mustafa filed a new Motion for Compassionate Release in December 2022, once again requesting the Court reduce his sentence. (Mot. Emergency Compassionate Release Custody ("Mot."), Dec. 2, 2022, Docket No. 1609.) He argues that compassionate relief is warranted because he has contracted COVID-19 multiple times, has experienced deteriorating health as a result, and may be reinfected in the future. (*Id.* at 1, 3.) The United States opposes Mustafa's Motion. (Gov't's Opp'n Def.'s Mot. Compassionate Release, Jan. 24, 2023, Docket No. 1620.)

## DISCUSSION

The First Step Act allows defendants, in addition to the Federal Bureau of Prisons ("BOP"), to move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). However, a defendant may only bring such a motion "after a defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier." Here, the relevant 30 days have lapsed, so Mustafa's Motion is thus ripe for review.

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant

such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Mustafa's multiple COVID-19 infections, resulting health conditions, and chance of reinfection do not qualify as extraordinary or compelling circumstances warranting a reduction in sentence. The Sentencing Committee Guidelines indicate that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Here, Mustafa has not provided any new information that changes the Court's previous conclusion that his ability to provide self-care is not substantially diminished, and thus that extraordinary and compelling reasons do not exist. (3rd Order at 4; 4th Order at 6 n.3.)   He requests that the Court consider his "deteriorating health" but does not provide any evidence of new conditions besides an asymptomatic COVID-19 infection. (Def.'s Resp. Opp'n at 1, Feb. 7, 2023, Docket No. 1622; Mot., Ex. 1 at 1, Dec. 2, 2022, Docket No. 1609-1.)  This new infection not only could not have affected Mustafa's ability to provide self-care because it was asymptomatic, but it is not a condition "from which [Mustafa] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  Mustafa also argues that the inability to provide self-care is only one example of an extraordinary and

-4-

compelling reason but he does not provide a viable alternative reason supporting his release and only reiterates arguments the Court previously rejected.

Even if Mustafa presented extraordinary and compelling reasons warranting compassionate release, the Court would deny his motion because decreasing his sentence would be inconsistent with the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). As the Court noted when denying Mustafa's previous motions for compassionate release, reduction of his sentence would minimize the seriousness of his crime and create sentence disparities. (3rd Order at 4; 4th Order at 6.) Mustafa led a fraud scheme that affected more than 50 victims and resulted in losses of at least 9.5 million. (Plea Agreement at 7.) Indeed, as Mustafa admitted in his Motion, the sentencing guidelines suggest a longer sentence for crimes like that which Mustafa plead guilty to committing. Any further reduction would create sentence disparities. Mustafa also mentions his completion of multiple classes, employment while in prison, and minimal risk for recidivism. Although Mustafa's completion of educational and employment programs while in custody is commendable, and the Court encourages Mustafa to continue seeking opportunities to transform, these considerations cannot outweigh the § 3553(a) factors that weigh against sentence reduction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Pro Se Motion for Compassionate Release [Docket No. 1609] is **DENIED**.

DATED: August 2, 2023                        _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                       United States District Judge