# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                                Crim. No. 14-261(2) (JRT/ECW)

                Plaintiff,

v.

KANAN T. MUSTAFA,              **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE FROM HOME CONFINEMENT**

                Defendant.

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, St. Paul, MN 55101; Allison Kim Ethen, Emily Polachek, Jordan L. Sing, Lauren Olivia Roso, Lisa D. Kirkpatrick, and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Kanan T. Mustafa, 13383 Brass Parkway, Rosemount, MN 55068, *pro se* Defendant.

Defendant Kanan T. Mustafa is currently serving a 130-month sentence after pleading guilty to conspiracy to engage in interstate transportation of stolen goods and conspiracy to defraud the government.   The Bureau of Prisons ("BOP") recently transferred Mustafa from traditional custody to home confinement.  Mustafa now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) requesting immediate release from home confinement because of his health and familial concerns.  Because the Court finds that Mustafa has not presented extraordinary and compelling reasons, the Court will deny his Motion for Compassionate Release from Home Confinement.

**BACKGROUND**

Mustafa is serving a 130-month sentence after pleading guilty to conspiracy to engage in interstate transportation of stolen goods and conspiracy to defraud the government.  (Sentencing J. at 1–2, June 27, 2017, Docket No. 1086.)  Mustafa's sentence included a downward departure from the guideline range.  (Statement of Reasons at 2, June 27, 2017, Docket No. 1087.)  Mustafa has previously filed six motions for compassionate release, each of which the Court denied for failing to meet the extraordinary and compelling reasons standard.[1]  Sometime between his sixth motion and his current motion for compassionate release, the BOP transferred Mustafa to home confinement.  (Mot. Compassionate Release from Home Confinement ("Home Confinement Release Mot.") at 13, Sept. 12, 2023, Docket No. 1625.)  Mustafa is currently on home confinement under the supervision of the Minneapolis Residential Reentry Management ("RRM") field office with an expected release date of October 18, 2025.  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 6, 2024).

---

[1] (1st Mem. Op. & Order Den. Compassionate Release, Aug. 21, 2020, Docket No. 1497 (denying two motions for compassionate release); 2nd Mem. Op. & Order Den. Compassionate Release, Mar. 18, 2021, Docket No. 1543; 3rd Mem. Op. & Order Den. Compassionate Release, Mar. 18, 2021, Docket No. 1544; 4th Mem. Op. & Order Den. Compassionate Release, July 15, 2022, Docket No. 1602; 5th Mem. Op. & Order Den. Compassionate Release, Aug. 2, 2023, Docket No. 1624.)

Before filing the current motion, Mustafa filed a reduction of sentence request with the warden of the Federal Correctional Institution in Milan, Michigan, which was denied.[2] (Home Confinement Release Mot. at 10.)  He argues that his medical conditions are not being treated effectively or expeditiously on home confinement, namely his asthma, chronic cough, borderline enlarged heart, and obesity. (*Id.* at 12.)  He also claims that home confinement limits his ability to help care for his children, especially his autistic son.  (*Id.*)  Mustafa argues his health and family concerns are sufficiently extraordinary and compelling to justify compassionate release from home confinement.  (*Id.*)  In addition, he urges the Court to consider how the § 3553(a) sentencing factors weigh in his favor, particularly his rehabilitation.  (*Id.* at 12–14.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law now allows defendants, in addition to the BOP, to move for compassionate release—but only after a "defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, . . .

---

[2] Mustafa describes his request to the BOP as one for a reduction of sentence instead of a request that the BOP file such a motion on his behalf.  But because Mustafa is well-versed in filing compassionate release motions, the Court will assume Mustafa has exhausted all administrative rights.

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because Mustafa filed his request first with the BOP, he has exhausted his administrative rights such that the Court can evaluate the merits of his motion.

The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission indicates that extraordinary and compelling reasons exist if a defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The Sentencing Commission also explains that family circumstances may constitute an extraordinary or compelling reason when the defendant is the only available caretaker for an incapacitated close family member. *Id.* § 1B1.13(b)(3).

Mustafa argues that his health and familial obligations warrant compassionate release from home confinement. Health concerns and familial obligations can constitute extraordinary and compelling reasons, but not in Mustafa's case. His main health-related argument is that his conditions could be treated more effectively if he was released from home confinement. But that is true of every single ailment of anyone who is incarcerated.

-4-

As such, Mustafa has not presented an extraordinary or compelling health reason to grant compassionate release from home confinement.

Similarly, Mustafa's familial responsibilities do not rise to extraordinary and compelling reasons. Mustafa claims that home confinement has limited his ability to care for his children, namely his autistic son. The Court is sympathetic to the fact that childcare is difficult and that the care of special needs children takes significant time and resources. But any prison sentence, or home confinement, is burdensome on the family, so that alone is insufficient to grant release from home confinement. *United States v. Perez*, No. 16-154, 2022 WL 911563, at *2 (D. Minn. Mar. 29, 2022). Mustafa has not shown that his children's primary caregiver has been incapacitated such that he is the only person who could provide such care. *United States v. Douglas*, No. 11-324, 2021 WL 5822689, at *2 (D. Minn. Dec. 8, 2021). In addition, the fact that Mustafa is in a home setting presumably allows him to provide some care to his family. As a result, Mustafa's familial responsibilities do not present extraordinary and compelling reasons to release him from home confinement.

Even if Mustafa presented extraordinary and compelling reasons, the Court would nevertheless deny his motion because his release would be inconsistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics

of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). As the Court previously noted when denying Mustafa's prior motions for compassionate release, Mustafa led a fraud scheme that impacted more than 50 victims with losses totaling at least $9.5 million. Further, Mustafa was granted a downward departure upon sentencing so reducing it further would create sentence disparities. While the Court is impressed by Mustafa's progress in his rehabilitation, such efforts do not outweigh the other § 3553(a) factors that weigh against release from home confinement.

## CONCLUSION

Mustafa, currently on home confinement, has filed his seventh motion for compassionate release. He raises health concerns and familial responsibilities as justification. While he followed the proper procedure of exhausting his administrative rights, he has not presented extraordinary and compelling reasons. Even if he had, the § 3553(a) factors weigh against immediate release from home confinement notwithstanding his commendable rehabilitation. As such, the Court will deny Mustafa's Motion for Compassionate Release from Home Confinement.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release from Home Confinement [Docket No. 1625] is **DENIED**.

DATED:  February 21, 2024                         s/John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                 United States District Judge