UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 14-261(2) (JRT/ECW) |
| v. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| KANAN T. MUSTAFA, | |
| Defendants. | |

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE,** 316 North Robert Street, Suite 404, Saint Paul, MN 55101; Allison Kim Ethen, Lauren Olivia Roso, and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Matthew Deates, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Minneapolis, MN 55415, for Defendant.

Defendant Kanan T. Mustafa is currently serving a 130-month sentence after pleading guilty to conspiracy to engage in interstate transportation of stolen goods and conspiracy to defraud the government. Mustafa moves for compassionate release under 18 U.S.C. § 3582(c) for the eighth time, requesting immediate release from home confinement based on commutations granted by former President Joe Biden, Mustafa's family circumstances, and his rehabilitation efforts. Because the Court finds that Mustafa has not presented extraordinary and compelling reasons, the Court will deny his motion for compassionate release.

**BACKGROUND**

Mustafa is serving a 130-month sentence after pleading guilty to conspiracy to engage in interstate transportation of stolen goods and conspiracy to defraud the government. (Sentencing J. at 1–2, June 27, 2017, Docket No. 1086.) Mustafa's sentence included a downward departure and downward variance from the Sentencing Guideline range. (Statement of Reasons at 2–3, June 27, 2017, Docket No. 1087.) Mustafa has previously filed seven motions for compassionate release, each of which the Court has denied for failing to meet the extraordinary and compelling reasons standard.[1] Mustafa is currently on home confinement under the supervision of the Minneapolis Residential Reentry Management ("RRM") field office with an expected release date of October 18, 2025. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 22, 2025).

Before filing this motion, Mustafa exhausted administrative remedies by filing a compassionate release request with the RRM field office of February 11, 2025, and receiving no response. (Compassionate Release from Custody Mot. at 8, Ex. 4 at 2, Apr. 24, 2025, Docket No. 1635.) Mustafa argues that President Biden's failure to grant him

---

[1] (1st Mem. Op. & Order Den. Compassionate Release, Aug. 21, 2020, Docket No. 1497 (denying two motions for compassionate release); 2nd Mem. Op. & Order Den. Compassionate Release, Mar. 18, 2021, Docket No. 1543; 3rd Mem. Op. & Order Den. Compassionate Release, Mar. 18, 2021, Docket No. 1544; 4th Mem. Op. & Order Den. Compassionate Release, July 15, 2022, Docket No. 1602; 5th Mem. Op. & Order Den. Compassionate Release, Aug. 2, 2023, Docket No. 1624; 6th Mem. Op. & Order Den. Compassionate Release, Feb. 21, 2024, Docket No. 1627.)

clemency, his family circumstances, and his successful rehabilitation represent "other reasons" that weigh in favor of granting him compassionate release.

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)).  The law now allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release—but only after a "defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, . . . whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Because Mustafa filed his request first with the BOP, and waited thirty days, he has exhausted his administrative rights such that the Court can evaluate the merits of his motion.

The Court may modify a defendant's sentence if, after considering the statutory sentencing factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Family circumstances may constitute an extraordinary and compelling reason when the defendant is the only available caretaker for an incapacitated close family member.  USSG § 1B1.13(b)(3).  Additionally, a catch-all provision allows courts to find "other reasons" that are "similar in gravity" to those explicitly described to constitute extraordinary and compelling reasons.  *Id.* § 1B1.13(b)(5).

The Court previously determined that Mustafa's family circumstances and rehabilitation do not represent extraordinary and compelling reasons for compassionate release. *See United States v. Mustafa*, No. 14-261(2), 2024 WL 713994, at *2–3 (D. Minn. Feb. 21, 2024). Mustafa has not presented any additional information that would compel the Court to reach a different conclusion.

Mustafa also relies on the catch-all "other reasons" provision to argue that President Biden's failure to commute his sentence, despite having issued a historic number of commutations, represents an extraordinary and compelling reason for compassionate release because it created a sentencing disparity. Mustafa supports his argument by citing to *United States v. Scarmazzo* and *United States v. Cannon*, where courts found that sentencing disparities of co-defendants supported extraordinary and compelling reasons for compassionate release. *United States v. Scarmazzo*, No. 1:06-342, 2023 WL 1830792, at *15–16 (E.D. Cal. Feb. 6, 2023); *United States v. Cannon*, 764 F. Supp. 3d 1332 (M.D. Ga. 2025).

But even though Mustafa may believe that his sentence deserved commutation, that belief does not transform the lack of commutation into an extraordinary and compelling reason for compassionate release.

Furthermore, *Scarmazzo* and *Cannon* are distinct and do not convince the Court that compassionate release is appropriate for Mustafa.

In *Scarmazzo*, a co-defendant received a sentence commutation from President Barack Obama while the defendant's application for clemency was denied. 2023 WL 1830792, at *3. The court considered this discrepancy in granting compassionate release, though the co-defendant's commutation was analyzed as one of many factors. *Id.* at *16.

Mustafa's position is unlike the defendant's in *Scarmazzo*, because none of Mustafa's co-defendants received clemency from President Biden, and no other factors support compassionate release.

*Cannon* is likewise unpersuasive. *Cannon* supports the position that sentencing disparities may serve as "other reasons" that are extraordinary and compelling. 764 F. Supp. 3d at 1339–40. The *Cannon* court found the sentencing disparity between co-defendants to constitute extraordinary and compelling reasons because the defendant received a sentence "four to five times greater" than co-defendants that were "arguably more culpable." *Id.* at 1339.

Unlike the defendant in *Cannon*, Mustafa does not argue that his sentence represents an extraordinary departure from the sentences received by his co-defendants. Indeed, Mustafa was granted a downward departure from his Guideline range, and the Court explicitly considered any sentencing disparities with co-defendants. Notwithstanding the fact that sentencing disparities between co-defendants may constitute extraordinary and compelling reasons under some circumstances, Mustafa has not shown such circumstances exist here.

Even if Mustafa could show extraordinary and compelling reasons, the Court would still be compelled to deny his motion because his release would be inconsistent with 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors).  When considering a motion for compassionate release, the Court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  As the Court noted in previous denials, Mustafa led a fraud scheme that impacted more than 50 victims with losses totaling at least $9.5 million.  Further, Mustafa was granted a downward departure upon sentencing, so reducing his sentence further would actually create sentencing disparities.  The Court again commends Mustafa's rehabilitative progress, but that rehabilitation does not outweigh the other § 3553(a) factors favoring denial of Mustafa's motion for compassionate release.

## CONCLUSION

Mustafa, currently on home confinement, has filed his eighth motion for compassionate release, citing President Biden's commutation of similar sentences, familial responsibilities, and rehabilitation as extraordinary and compelling reasons.  But Mustafa has failed to demonstrate how these circumstances or combination of circumstances rise to the level of extraordinary and compelling reasons.  The Court will deny Mustafa's motion for compassionate release.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release from Custody [Docket No. 1635] is **DENIED**.

DATED: August 4, 2025                              ___s/John R. Tunheim___
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                              United States District Judge